*19*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,

**4:25-mj-0219**

24- 20640

v.

F I L E D

FEB 06 2025

CLERK'S OFFICE
U.S. DISTRICT COURT

D-1   LUIS DANIEL ZAMORA,
D-2   JUAN SANCHEZ ALCARAZ,
D-3   HUGO MALDONADO-ORTIZ,
         also known as "Tony Cardenas,"
D-4   HAI WU,
D-5   HE HUANG,
D-6   XIANGLIN WANG,
D-7   TAO CHEN,
D-8   MARVIN GREGORY, and
D-9   COREY WARD,

<u>Violations:</u>

18 U.S.C. § 1956(a)
18 U.S.C. § 1956(h)
18 U.S.C. § 1957
21 U.S.C. § 841(a)

                    Defendants.
_____/

# **FIRST SUPERSEDING INDICTMENT**

The Grand Jury charges that:

1

## COUNT ONE
(18 U.S.C. §1956(h)- Conspiracy to Launder
Monetary Instruments)

D-1   LUIS DANIEL ZAMORA
D-2   JUAN SANCHEZ ALCAZAR
D-3   HUGO MALDONADO-ORTIZ
     a/k/a "Tony Cardenas"
D-4   HAI WU
D-5   HE HUANG
D-6   XIANGLIN WANG
D-7   TAO CHEN
D-8   MARVIN GREGORY
D-9   COREY WARD

From on or about November 15, 2019, through on or about
December 21, 2020, in the Eastern District of Michigan and
elsewhere, the defendants, LUIS DANIEL ZAMORA, JUAN
SANCHEZ ALCARAZ, HUGO MALDONADO-ORTIZ, a/k/a "Tony
Cardenas," HAI WU, HE HUANG, XIANGLIN WANG, TAO CHEN,
MARVIN GREGORY, and COREY WARD, did knowingly,
intentionally, and unlawfully combine, conspire, and agree with each
other and with other persons known and unknown to the Grand Jury
to commit offenses in violation of Title 18, United States Code,
Sections 1956 and 1957:

    A.    With respect to defendants LUIS DANIEL ZAMORA and
           COREY WARD, the objects of the conspiracy were to:

(a) knowingly conduct and attempt to conduct financial
   transactions affecting interstate and foreign commerce,
   which involved the proceeds of a specified unlawful
   activity, that is, conspiracy to distribute controlled
   substances, with the intent to promote the carrying on
   of specified unlawful activity, that is, conspiracy to
   distribute controlled substances; knowing, while
   conducting and attempting to conduct such financial
   transactions, that the property involved in the
   financial transactions represented the proceeds of
   some form of unlawful activity, in violation of Title 18,
   United States Code, Section 1956(a)(1)(A)(i); and

(b) knowingly conduct and attempt to conduct financial
   transactions affecting interstate and foreign commerce,
   which transactions involved the proceeds of specified
   unlawful activity, that is, conspiracy to distribute
   controlled substances, knowing that the transactions
   were designed in whole or in part to conceal and
   disguise the nature, location, source, ownership, and

control of the proceeds of specified unlawful activity;
knowing, while conducting and attempting to conduct
such financial transactions, that the property involved
in the financial transactions represented the proceeds
of some form of unlawful activity, in violation of Title
18, United States Code, Section 1956(a)(1)(B)(i);

B.   With respect to defendants JUAN SANCHEZ ALCARAZ,
HAI WU, HE HUANG, XIANGLIN WANG and TAO CHEN,
the objects of the conspiracy were to:

(a) knowingly conduct and attempt to conduct financial
transactions affecting interstate and foreign commerce,
which involved the proceeds of a specified unlawful
activity, that is, conspiracy to distribute controlled
substances, with the intent to promote the carrying on
of specified unlawful activity, that is, conspiracy to
distribute controlled substances; knowing, while
conducting and attempting to conduct such financial
transactions, that the property involved in the financial
transactions represented the proceeds of some form of

unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i); and

(b) knowingly conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, conspiracy to distribute controlled substances, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity; knowing, while conducting and attempting to conduct such financial transactions, that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i); and

(c) knowingly engage or attempt to engage in monetary transactions by, through, or to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, such

property having been derived from a specified unlawful activity, that is, conspiracy to distribute controlled substances, in violation of Title 18, United States Code, Section 1957.

C.   With respect to defendants HUGO MALDONADO-ORTIZ, a/k/a "Tony Cardenas," and MARVIN GREGORY, the objects of the conspiracy were to:

(a) knowingly conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, conspiracy to distribute controlled substances, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity; knowing, while conducting and attempting to conduct such financial transactions, that the property involved in the financial transactions represented the proceeds of some form

of unlawful activity, in violation of Title 18, United

States Code, Section 1956(a)(1)(B)(i); and

(b) knowingly engage or attempt to engage in monetary

transactions by, through, or to a financial

institution, affecting interstate and foreign

commerce, in criminally derived property of a value

greater than $10,000, such property having been

derived from a specified unlawful activity, that is,

conspiracy to distribute controlled substances, in

violation of Title 18, United States Code, Section

1957.

## COUNT TWO
(18 U.S.C. § 1956(a) - Laundering Monetary
Instruments)

D-1  LUIS DANIEL ZAMORA

On or about November 21, 2019, in the Eastern District of

Michigan, the defendant, LUIS DANIEL ZAMORA, did

(a) knowingly conduct and attempt to conduct a financial

transaction affecting interstate and foreign commerce, which

involved the proceeds of a specified unlawful activity, that is,

conspiracy to distribute controlled substances, with the intent to promote the carrying on of specified unlawful activity, that is, conspiracy to distribute controlled substances; knowing, while conducting and attempting to conduct such financial transaction, that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, and

(b) knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, which transaction involved the proceeds of specified unlawful activity, that is, conspiracy to distribute controlled substances, knowing that the transaction was designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity; knowing, while conducting and attempting to conduct such financial transaction, that the property involved in the financial transaction represented the proceeds of some form of unlawful activity;

all in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i) and (B)(i).

## COUNT THREE

(18 U.S.C. §§ 1956(a), 1957, and 2 - Laundering
Monetary Instruments, Aiding and Abetting )

D-2   JUAN SANCHEZ ALCARAZ
D-3   HUGO MALDONADO-ORTIZ
  a/k/a "Tony Cardenas"
D-4   HAI WU

On or about February 14, 2020, in the Eastern District of

Michigan, the defendants, JUAN SANCHEZ ALCARAZ, HUGO

MALDONADO-ORTIZ, a/k/a "Tony Cardenas," and HAI WU, did

(a) knowingly conduct and attempt to conduct a financial

transaction affecting interstate and foreign commerce, which

transaction involved the proceeds of specified unlawful activity, that

is, conspiracy to distribute controlled substances, knowing that the

transaction was designed in whole or in part to conceal and disguise

the nature, location, source, ownership, and control of the proceeds

of specified unlawful activity; knowing, while conducting and

attempting to conduct such financial transaction, that the property

involved in the financial transaction represented the proceeds of

some form of unlawful activity, in violation of Title 18, United States

Code, Sections 1956(a)(1)(B)(i) and 2; and

9

(b) knowingly engage or attempt to engage in monetary transactions by, through, or to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, that is, conspiracy to distribute controlled substances, in violation of Title 18, United States Code, Sections 1957 and 2.

## COUNT FOUR
### (18 U.S.C. §§ 1956(a) and 2 - Laundering Monetary Instruments, Aiding and Abetting)

D-2   JUAN SANCHEZ ALCARAZ
D-3   HUGO MALDONADO-ORTIZ
       a/k/a "Tony Cardenas"
D-5   HE HUANG
D-6   XIANGLIN WANG
D-8   MARVIN GREGORY

From on or about February 26, 2020, through on or about February 29, 2020, in the Eastern District of Michigan, t h e Defendants, JUAN SANCHEZ ALCARAZ, HUGO MALDONADO-ORTIZ, a/k/a "Tony Cardenas," HE HUANG, XIANGLIN WANG, and MARVIN GREGORY, did

(a) knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, which

transaction involved the proceeds of specified unlawful activity, that is, conspiracy to distribute controlled substances, knowing that the transaction was designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity; knowing, while conducting and attempting to conduct such financial transaction, that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2; and

(b) knowingly engage or attempt to engage in monetary transactions by, through, or to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, that is, conspiracy to distribute controlled substances, in violation of Title 18, United States Code, Sections 1957 and 2.

## COUNT FIVE
### (18 U.S.C. §§ 1956(a) and 2 - Laundering Monetary Instruments, Aiding and Abetting)

D-2   JUAN SANCHEZ ALCARAZ
D-3   HUGO MALDONADO-ORTIZ
      a/k/a "Tony Cardenas"
D-7   TAO CHEN
D-8   MARVIN GREGORY

From on or about March 4, 2020, through on or about March 7, 2020, in the Eastern District of Michigan, the defendants, JUAN SANCHEZ ALCARAZ, HUGO MALDONADO-ORTIZ, a/k/a "Tony Cardenas," TAO CHEN, and MARVIN GREGORY, did

(a) knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, which transaction involved the proceeds of specified unlawful activity, that is, conspiracy to distribute controlled substances, knowing that the transaction was designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity; knowing, while conducting and attempting to conduct such financial transaction, that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2; and

(b) knowingly engage or attempt to engage in monetary transactions by, through, or to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, that is, conspiracy to distribute controlled substances, in violation of Title 18, United States Code, Sections 1957 and 2.

### COUNT SIX
(18 U.S.C. §§ 1956(a) and 2 - Laundering Monetary Instruments, Aiding and Abetting)

D-2  JUAN SANCHEZ ALCARAZ
D-3  HUGO MALDONADO-ORTIZ
      a/k/a "Tony Cardenas"

On or about March 16, 2020, in the Eastern District of Michigan, the defendants, JUAN SANCHEZ ALCARAZ and HUGO MALDONADO-ORTIZ, a/k/a "Tony Cardenas," did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, which transaction involved the proceeds of specified unlawful activity, that is, conspiracy to distribute controlled substances, knowing that the transaction was designed in whole or in part to conceal and disguise the nature, location, source,

ownership, and control of the proceeds of specified unlawful activity;

knowing, while conducting and attempting to conduct such financial

transaction, that the property involved in the financial transaction

represented the proceeds of some form of unlawful activity, in

violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i)

and 2.

## COUNT SEVEN
(18 U.S.C. §§ 1956(a) and 2 - Laundering Monetary
Instruments, Aiding and Abetting)

D-3   HUGO MALDONADO-ORTIZ
      a/k/a "Tony Cardenas"
D-8   MARVIN GREGORY
D-9   COREY WARD

On or about April 15, 2020, in the Eastern District of Michigan,

the defendants, HUGO MALDONADO-ORTIZ, a/k/a "Tony Cardenas,"

MARVIN GREGORY, and COREY WARD, did knowingly conduct and

attempt to conduct a financial transaction affecting interstate and

foreign commerce, which transaction involved the proceeds of

specified unlawful activity, that is, conspiracy to distribute

controlled substances, knowing that the transaction was designed in

whole or in part to conceal and disguise the nature, location, source,

ownership, and control of the proceeds of specified unlawful activity;

14

knowing, while conducting and attempting to conduct such financial transaction, that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

## **COUNT EIGHT**
### (21 U.S.C. § 841(a)(1) - Possession of Methamphetamine with Intent to Distribute)

D-8   MARVIN GREGORY

On or about December 21, 2020, in the Eastern District of Michigan, the defendant, MARVIN GREGORY, knowingly and intentionally possessed with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

It is further alleged that the controlled substance involved was 50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers, in violation of Title 21, United States Code, Section

841(b)(1)(A)(viii).

## **FORFEITURE ALLEGATIONS**
(18 U.S.C. § 982(a)(1), 21 U.S.C. § 853)

Upon conviction of a money laundering violation of Title 18,

United States Code, Sections 1956 or 1957 as alleged in Count One

through Seven of this Superseding Indictment, the defendant(s) shall

forfeit to the United States, pursuant to Title 18, United States Code,

Section 982(a)(1), any property, real or personal, involved in the offense,

or any property traceable to such property.

Such property includes, but is not limited to:

- Seized Currency and Financial Instruments

Forfeiture Money Judgment: Such property also includes, but is

not limited to, a forfeiture money judgment against the defendants in an

amount to be determined, representing the total value of all property

subject to forfeiture, as described herein.

Upon conviction of a controlled substance violation of Title 21,

United States Code, Sections 841, as alleged in Count Eight of this

Superseding Indictment, the defendant shall forfeit to the United

States, pursuant to Title 21, United States Code, Section 853(a):

    A.    Any property, real or personal, constituting, or derived from,

           any proceeds obtained, directly or indirectly, as a result of

           the violation of Title 21, United States Code, Section 841;

           and

    B.    Any property, real or personal, used, or intended to be used,

           in any manner, to commit, or to facilitate the commission of,

           the violation of Title 21, United States Code, Section 841.

Substitute Assets:  Pursuant to Title 21, United States Code,

Section 853(p), as incorporated by Title 18, United States Code, Section

982(b)(1)-(2), each defendant shall forfeit substitute property, up to the

value of the properties identified for forfeiture, if, by any act or omission

of the defendant, the properties identified for forfeiture cannot be

located upon the exercise of due diligence; have been transferred or sold

to, or deposited with, a third party; have been placed beyond the

jurisdiction of the court; have been substantially diminished in value; or

have been commingled with other property which cannot be divided

without difficulty.

All in accordance with Title 21, United States Code, Section 853 and Rule 32.2, Federal Rules of Criminal Procedure.

**This is a True Bill.**

/s/ Grand Jury Foreperson
Grand Jury Foreperson

JULIE A. BECK
Acting United States Attorney

/s/ Benjamin Coats
Benjamin Coats
Chief, Drug Task Force Unit

/s/ David J. Portelli
David J. Portelli
Assistant United States Attorney

Dated: February 6, 2025

| United States District Court<br>**Eastern District of Michigan** | **Criminal Case Cover Sheet** | **Case Number**<br>24-20640 |
|---|---|---|

**NOTE:** It is the responsibility of the Assistant U.S. Attorney signing this form to complete it accurately in all respects.

| | **Companion Case Number:** |
|---|---|
| This may be a companion case based upon LCrR 57.10 (b)(4)[1]: | **Judge Assigned:** |
| ☐ Yes  ☒ No | **AUSA's Initials:** |

**Case Title:** USA v.  Luis Zamora et. al.

**County where offense occurred :**  Wayne

**Check One:**   ☒ **Felony**   ☐ **Misdemeanor**   ☐ **Petty**

_____ Indictment/_____ Information --- **no** prior complaint.

_____ Indictment/_____ Information --- based upon prior complaint [**Case number:**                    ]

   ✓ Indictment/_____ Information --- based upon LCrR 57.10 (d) *[Complete Superseding section below]*.

**Superseding to Case No:**  24-20640       **Judge:**  David M. Lawson

☐ Corrects errors; no additional charges or defendants.

☐ Involves, for plea purposes, different charges or adds counts.

☒ Embraces same subject matter but adds the additional defendants or charges below:

| **Defendant name** | **Charges** | **Prior Complaint (if applicable)** |
|---|---|---|
| JUAN SANCHEZ ALCARAZ, HUGO MALDONADO-ORTIZ, HAI WU, HE HUANG, XIANGLIN WANG, TAO CHEN, MARVIN GREGORY, and COREY WARD | 18 U.S.C. § 1957<br>21 U.S.C. § 841(a) | |

**Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.**

February 6, 2025
Date

David Portelli
Assistant United States Attorney
211 W. Fort St., Ste 2001, Detroit, MI 48226
Fax:    313-226-3265
E-Mail address:  Dave.Portelli@usdoj.gov
Attorney Bar #:  P40688

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, or (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.